UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY KELLY, et al., | ) 1:05-CV-00118-AWI-SMS |
| Plaintiffs, | ) ORDER DIRECTING PLAINTIFF TO FILE |
| v. | ) SUPPLEMENTAL BRIEFING REGARDING |
| | ) MOTION FOR DEFAULT JUDGMENT, AND |
| EVERETT R. ECHOLS, II, M.D., an individual, et al., | ) PERMITTING SUBMISSION OF EVIDENCE, NO LATER THAN **February 15, 2006** |
| Defendants. | ) |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

On January 20, 2006, Plaintiff filed a notice of motion and motion for default judgment, which is presently set to be heard on February 24, 2006.

An application for entry of default judgment is an application to the Court for an order and thus qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19). Therefore, it should include briefs on the pertinent issues pursuant to Local Rule 78-230(b).

With respect to the instant motion, there are matters concerning liability and damages which require briefing.

1

1   A default judgment generally bars the defaulting party from
2 disputing the facts alleged in the complaint, but the defaulting
3 party may argue that the facts as alleged do not state a claim.
4 Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392.
5 Thus, well pleaded factual allegations, except as to damages, are
6 taken as true; however, necessary facts not contained in the
7 pleadings, and claims which are legally insufficient, are not
8 established by default. Cripps v. Life Ins. Co. of North America,
9 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v.
10 Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

11   Plaintiff has not provided the Court with points and
12 authorities showing that the Plaintiff's claims include
13 allegations of all the necessary elements required for
14 entitlement to relief. It is the party's burden to demonstrate to
15 the Court what law applies and that under the pertinent law, the
16 Plaintiff's claim, as alleged, is legally sufficient.

17   Likewise, the applicant should supply the Court with all
18 pertinent and necessary legal authority pursuant to which it is
19 appropriate to enter judgment against a particular party based
20 upon the allegations of the party's status, agency,
21 participation, or other alleged basis for liability of the
22 particular party.

23   As to damages, generally the scope of proceedings on an
24 application for default judgment involves a determination of
25 damages, which Plaintiff must prove by evidence, whether by
26 affidavits where an evidentiary hearing is waived, Davis
27 v.Fendler, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence,
28 Fed. R. Civ. P. 55(b)(2). Plaintiff has not provided evidence of

1  damages.

2      Further, the moving party should also provide the Court with
3  legal authority in support of the measure of damages sought to be
4  applied by the party. Depending on the claims made by the
5  plaintiff, this may include informing the Court of the source of
6  the law governing the measure of damages, including interest
7  (i.e., federal or state), providing statutory and case law
8  defining the appropriate measure of damages and method of
9  computation of any interest sought, and informing the Court of
10 the law and the pertinent facts regarding any election of
11 remedies which the Plaintiff has made or must make. If attorneys
12 fees or costs are sought, authority for including costs or fees
13 in the judgment and for computing costs or fees should be set
14 forth.

15     Accordingly, it IS ORDERED that Plaintiff SHALL FILE
16 supplemental points and authorities, and may file evidentiary
17 submissions, addressing the matters set forth hereinabove no
18 later than February 15, 2006.

19

20 IT IS SO ORDERED.

21 **Dated:   January 24, 2006**              /s/ Sandra M. Snyder
   icido3                                   UNITED STATES MAGISTRATE JUDGE