UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY KELLY, et al., </br></br> Plaintiffs, </br> v. </br></br> EVERETT R. ECHOLS, II, M.D., an individual, et al., </br></br> Defendants. | 1:05-CV-00118-AWI-SMS </br></br> ORDER **VACATING HEARING SET FOR FEBRUARY 24, 2006**, ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND TAKING MOTION OFF CALENDAR (DOC. 44) </br></br> ORDER DIRECTING THAT PLAINTIFF SUBMIT SUPPLEMENTAL BRIEFING WHEN REFILING AND RENOTICING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

Review of the docket reveals that Plaintiff filed the original complaint on January 24, 2005. A first amended complaint was filed on February 23, 2005. Service of a "complaint" was effected on February 24, 2005 with respect to Defendants Chapman and Echols. Plaintiff filed yet another "first amended complaint" on March 8, 2005. Defendant Hernandez were served with a first amended complaint on or about March 31, 2005. On August 31, 2005,

1

Judge Ishii ruled on Defendant Qualitest's motions to dismiss; various dismissals were effected, and leave to amend was granted. Plaintiff then filed on September 12, 2005, a document called a second amended complaint even though a second amended complaint was already on file. Plaintiff inexplicably filed without leave of court yet another second amended complaint on February 3, 2006.

On January 20, 2006, Plaintiff filed a notice of motion and motion for default judgment, which is presently set to be heard on February 24, 2006. On January 25, 2006, the Court directed Plaintiff to file supplemental briefing, and Plaintiff filed it on February 10, 2006. The Court has reviewed the supplemental briefing. The Court finds that Plaintiff did not substantially comply with the Court's directions to provide briefing regarding which law governs this controversy, the elements of the claims in question and thus the sufficiency of the claims pled, or the measure of damages and the damages recoverable. In addition, further review of the docket, the pleadings, and Plaintiff's moving papers have revealed additional concerns that will be addressed in the directions regarding briefing hereinbelow.

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 11-110; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 31, 42-43 (1991). Local Rule 11-110 provides that a failure of counsel or of a party to comply with the Local Rules or with any order of the Court may be grounds of imposition by the Court of any and all sanctions authorized by statute, rule, or within

1 the inherent power of the Court. A Court may impose monetary
2 sanctions, payable to the Court, in the nature of a fine pursuant
3 to the Court's inherent powers where the Court finds that the
4 offending conduct was undertaken in bad faith. Zambrano v. City
5 of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989).

6     A court has inherent power to control its docket and the
7 disposition of its cases with economy of time and effort for both
8 the court and the parties. Landis v. North American Co., 299 U.S.
9 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th
10 Cir. 1992).

11     It is an extremely inefficient use of the Court's resources
12 for the Court to address a motion such as Plaintiff's in a
13 piecemeal fashion, considering a motion repeatedly and holding
14 serial hearings after additional submissions are ordered. The
15 Court finds that the efficient administration of justice requires
16 that the Plaintiff's motion not be calendared for hearing and
17 decision until Plaintiff submits the requested points and
18 authorities needed by the Court to prepare findings and
19 recommendations which must follow any hearing.

20     Accordingly, it IS ORDERED that
21     1) The hearing set for February 24, 2006, on Plaintiff's
22 motion for default judgment IS VACATED, and Plaintiff's motion IS
23 TAKEN OFF CALENDAR with prejudice; in order for the motion to be
24 put on calendar again, Plaintiff will have to re-notice and re-
25 file the motion; and

26     2) At the time Plaintiff renotices and refiles the motion,
27 Plaintiff shall submit points and authorities with respect to the
28 following:

1    a) What is the operative complaint, which complaint was
2 served on each of the defendants against whom default judgment is
3 sought, whether the most recently filed second amended complaint
4 should be stricken because filed without leave of court, whether
5 in view of amendment the parties against whom default judgment is
6 sought have sufficient notice, and whether the Court has
7 jurisdiction to and should grant a default judgment against a
8 party on a complaint that has been superseded by amendment.
9    b) The legal elements of each claim upon which judgment is
10 sought, including what law governs (i.e., which state's law if
11 Plaintiff alleges diversity jurisdiction, etc.), and whether the
12 allegations of the operative complaint satisfy each of the
13 required elements and state sufficient claims.
14    The Court has already once sought briefing on the issue of
15 the legal sufficiency of the complaint, but Plaintiff has failed
16 to address which law governs and has failed to provide points and
17 authorities under the law Plaintiff claims governs regarding what
18 the elements of the pertinent claim/s are.
19    c) What law governs the measure of damages, and what types
20 of damages or relief is Plaintiff entitled to recover on the
21 claim/s stated.
22    d) Whether Plaintiff is entitled to judgment against only
23 some of, and less than all of, the named defendants, against whom
24 Plaintiff seeks damages jointly and severally (Application at 2),
25 and on less than all claims set forth.
26    Fed. R. Civ. P. 54(b) provides:
27    When more than one claim for relief is presented in an
     action, whether as a claim, counterclaim, cross-claim,
28    or third-party claim, or when multiple parties are

4

> involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The policy concerns underlying Rule 54(b), namely, finality, severability, and avoidance of piecemeal litigation, arise principally in the context of the availability of appellate recourse. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 432-48 (1956); W. L. Gore & Associates, Inc. v. International Medical Prosthetics Research Association, Inc., 975 F.2d 858, 862-65 (Fed. Cir. 1992). However, considerations of fairness and the sound administration of justice are also applicable to the entry of a default judgment in a case involving multiple parties or claims. Further, default judgment should not be entered against a defendant who is alleged to be liable jointly with other defendants until the case is adjudicated against all defendants, or all defendants have defaulted; the possibility of inconsistent judgments must be avoided. Frow v. La Vega, 15 Wall. 552, 554-55 (1872) (default judgment against one defendant charged with joint participation in fraud held to be improper until judgment against the other defendants was adjudicated). It has been held that despite the absence of an allegation of joint liability, entry of default judgment against a single defaulting defendant is improper where the defendants are similarly situated defendants,

even if not jointly and severally liable, and where delay is necessary to avoid an inherently inconsistent result. <u>In re First T.D. & Investment, Inc.</u>, 253 F.3d 520, 532 (9th Cir.2001) (holding that default judgment should not be entered where defendants in similar transactions such that it was not logically possible that one defendant could be liable without another being liable); see <u>Shanghai Automation Instrument Co. Ltd v. Kuei</u>, 194 F.Supp.2d 995 1005-10 (N.D.Cal. 2001) (collecting cases and suggesting that the unifying principle is that the risk of inconsistent judgments is too high, and entry of default judgment against a defendant is inappropriate, where other answering defendants remain in the case without their liability being adjudicated, and where under the theory of the complaint, liability of all the defendants must be uniform.

IT IS SO ORDERED.

**Dated:   February 15, 2006**              /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE