UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CANDY KELLY, et al., | ) | 1:05-CV-00118-AWI-SMS |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION TO |
| v. | ) | DENY PLAINTIFF'S MOTION FOR |
| | ) | DEFAULT JUDGMENT (DOCS. 59, 61) |
| EVERETT R. ECHOLS, II, M.D., | ) | |
| an individual, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

On December 7, 2006, Plaintiff filed a motion for default judgment, including a notice, an application for the judgment, a memorandum of supporting points and authorities, and a request for a prove-up hearing. By separate order the Court has vacated the hearing on the motion because the matter may appropriately be submitted and considered only on the papers.

I. Default Judgment

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not

1

certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright,  862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry or setting aside of a default judgment include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

    Here, Plaintiff seeks entry of a default judgment against Defendants Everett R. Echols, II, M.D., Tom A. Chapman, Ph.D., Frank Carlos Hernandez, and Amanda Hernnandez, jointly and severally, in an amount to be determined upon proof. Plaintiff, mother and grandmother of decedents Leisa Kelly and minor Ryan Kelly, respectively, sues for damages for wrongful death based on

Defendants' having participated in January 2004 in reviewing on-line questionnaires submitted by decedents, approving prescriptions for them without establishing any doctor-patient relationship, and providing Elavil to decedents pursuant to such prescriptions.

It is alleged that Defendants Everett R. Echols, M.D., and Tom A. Chapman, Ph.D., citizens of North Carolina, reviewed and approved the request for Elavil on behalf of RX Medical, a Nevada corporation doing business in Florida; EZ RX did business in New Jersey and shipped the drugs to the decedents. Defendants Hernandez did business in Florida and owned and operated EZ RX and RX Medical. Decedents were suffering severe depression and should not have been prescribed Elavil because of their condition, and the drugs were approved and issued in violation of good medical practice. The complaint filed on February 3, 2006, includes a claim against all Defendants for negligent provision of dangerous and controlled substances without proper medical examinations and analysis of medical requirements, and an alter ego claim against Defendants Hernandez with respect to Defendant EZ RX. Plaintiff alleges that decedents ingested sufficient Elavil to induce their suicide on January 31, 2004. Jurisdiction is based on diversity of citizenship.

### A. Legal Sufficiency of the Complaint

Plaintiff states that she can present uncontroverted evidence establishing the ownership interest of Defendants Hernandez in the pharmaceutical corporations. However, the Court does not take evidence on the liability portion of a case in a proceeding for default judgment.

3

1   A default judgment generally bars the defaulting party from
2 disputing the facts alleged in the complaint, but the defaulting
3 party may argue that the facts as alleged do not state a claim.
4 Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392.
5 Thus, well pleaded factual allegations, except as to damages, are
6 taken as true; however, necessary facts not contained in the
7 pleadings, and claims which are legally insufficient, are not
8 established by default. Cripps v. Life Ins. Co. of North America,
9 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v.
10 Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

11   Because claims that are legally insufficient are not
12 established by a party's default, a court in considering an
13 application for default judgment must determine whether the
14 claims upon which a plaintiff seeks a default judgment are
15 legally sufficient. Here, the Court has not been provided with
16 the appropriate authorities pursuant to which to determine the
17 legal sufficiency of the complaint. In a diversity case, the
18 substantive law applied by the federal court is generally state
19 law, and the federal courts generally must follow the conflict of
20 laws rules prevailing in the states in which they sit. Klaxon Co.
21 v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-97 (1941). If
22 state law governs a particular issue in a diversity case, the
23 court must then determine the content of the applicable state
24 law; the decision of the state's highest court is generally the
25 definitive statement of the state's law. Commissioner v. Estate
26 of Bosch, 387 U.S. 456, 465 (1967).

27   Here, Plaintiff cites to the elements of the tort of
28 negligence, but does not cite to any authority therefor. With

4

respect to the doctor-patient relationship and the duties of a physician, Plaintiff cites to substantive law from New York State, Arizona, Pennsylvania, California, and other jurisdictions, but Plaintiff does not examine or inform the Court as to the applicable conflict-of-law rules of California or the appropriate application of those principles. Plaintiff has not established that Plaintiff is entitled to relief because Plaintiff has not informed the Court of the pertinent law pursuant to which Plaintiff's entitlement to relief should be measured.

An application for a default judgment qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19), and it should include briefs pursuant to Local Rule 78-230(b). Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the party's burden to demonstrate to the Court that under the pertinent law, the Plaintiff's claims, as alleged, are legally sufficient.

Likewise, the applicant should supply the Court with all pertinent and necessary legal authority pursuant to which it is appropriate to enter judgment against a particular party based upon the allegations of the party's status, agency, participation, or other alleged basis for liability of the particular party.

### B. Notice and Damages

Plaintiff has filed five complaints in this action.

5

Plaintiff filed an amended complaint after the clerk entered the defaults upon which the desired default judgment is sought to be predicated. Plaintiff has not established what notice of the hearing and what notice of the operative allegations of the most recently filed complaint have been given to the Defendants, and whether or not that notice is sufficient under the governing statutes and rules.

Finally, the Court notes that Plaintiff has not produced any evidence concerning damages. Generally, the scope of proceedings on an application for default judgment involves a determination of damages, which Plaintiff must prove by evidence, whether by affidavits where an evidentiary hearing is waived, Davis v.Fendler, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence, Fed. R. Civ. P. 55(b)(2). Fed. R. Civ. P. 55(b)(2) provides in pertinent part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The Court thus anticipates that a party seeking a default judgment will provide the Court with evidence sufficient to prove the amount of any damages sought. The party should also provide the Court with legal authority in support of the measure of damages sought to be applied by the party. Depending on the claims made by the plaintiff, this may include informing the Court of the source of the law governing the measure of damages, including interest (i.e., federal or state), and providing

6

statutory and case law defining the appropriate measure of damages and method of computation of any interest sought. If a party anticipates providing evidence by testimony instead of by affidavits, the party should inform the Court in advance of the hearing. See Local Rule 78-230(I). Plaintiff has not done so in this instance.

### C. Previous Attempts to Obtain Compliance by Plaintiff with the Rules of Court and the Orders of the Court

The Court notes that Plaintiff previously filed a motion for default judgment on January 18, 2006. On January 25, 2006, the Court directed Plaintiff to file supplemental briefing on the law governing the sufficiency of the complaint, the identity of the appropriate source of the law governing the measure of damages, and the measure of damages.

Plaintiff filed a memorandum in support of the motion on February 10, 2006.

On February 15, 2006, the Court issued an order in which the Court noted the filing of multiple complaints, including an amended complaint filed after the defaults were entered. The Court stated that the supplemental briefing did not substantially comply with the Court's directions to provide briefing regarding which law governed the controversy, the law regarding the elements of the claims in question and the sufficiency of the claims, or the measure of recoverable damages. The Court warned Plaintiff of the possibility of sanctions, including monetary sanctions and dismissal, pursuant to the Court's inherent power and/or the governing rules of court; the Court also determined that in its exercise of inherent power to control the cases and

docket before it in the interest of economy of time and effort for both the Court and the parties, it would vacate the hearing and not re-calendar the motion for hearing and decision until Plaintiff submitted the requested points and authorities needed by the Court to prepare findings and recommendations. The Court stated in pertinent part:

> 1) The hearing set for February 24, 2006, on Plaintiff's motion for default judgment IS VACATED, and Plaintiff's motion IS TAKEN OFF CALENDAR with prejudice; in order for the motion to be put on calendar again, Plaintiff will have to re-notice and re-file the motion; and
> 2) At the time Plaintiff renotices and refiles the motion, Plaintiff shall submit points and authorities with respect to the following:
> a) What is the operative complaint, which complaint was served on each of the defendants against whom default judgment is sought, whether the most recently filed second amended complaint should be stricken because filed without leave of court, whether in view of amendment the parties against whom default judgment is sought have sufficient notice, and whether the Court has jurisdiction to and should grant a default judgment against a party on a complaint that has been superseded by amendment.
> b) The legal elements of each claim upon which judgment is sought, including what law governs (i.e., which state's law if Plaintiff alleges diversity jurisdiction, etc.), and whether the allegations of the operative complaint satisfy each of the required elements and state sufficient claims.
> The Court has already once sought briefing on the issue of the legal sufficiency of the complaint, but Plaintiff has failed to address which law governs and has failed to provide points and authorities under the law Plaintiff claims governs regarding what the elements of the pertinent claim/s are.
> c) What law governs the measure of damages, and what types of damages or relief is Plaintiff entitled to recover on the claim/s stated.
> d) Whether Plaintiff is entitled to judgment against only some of, and less than all of, the named defendants, against whom Plaintiff seeks damages jointly and severally (Application at 2), and on less than all claims set forth.

(Order of February 15, 2006 at pp. 3-4.)

Minutes of a telephonic status conference on August 21,

8

2006, reveal that Plaintiff failed to appear or contact the Court, which was contrary to the instruction of a minute order of May 22, 2006. The Court set a new telephonic status conference and informed Plaintiff that a failure to comply would result in the case being calendared for dismissal of the action. Minutes of the telephonic conference held on September 14, 2006, after Plaintiff submitted a status report, reveal that one defendant (Qualitest) had been dismissed by Judge Ishii, and then a subsequent complaint against that defendant had been filed and was transferred to the Northern District of Alabama. Plaintiff was to refile noticed motions for default judgment by January 9, 2007, or the Magistrate Judge would issue findings and recommendations that Plaintiff suffer terminating sanctions for failure to prosecute.

Plaintiff then filed the motion presently before the Court, which does not address the facts or law concerning any notice issues raised by the filing of the amended complaints or the law governing the legal sufficiency of the complaint. No evidence of damages has been submitted. Because the Court has repeatedly informed Plaintiff of the required briefing, and yet Plaintiff has failed to comply with the Court's instructions, the Court concludes that it would be a futile act to seek further briefing. In addition, no new circumstances concerning the Court's resources or the Court's need to proceed expeditiously have arisen since the Court's previous conclusion regarding the importance of counsel's proceeding pursuant to the applicable rules.

II. Recommendation

9

Accordingly, it IS RECOMMENDED that Plaintiff's motion for default judgment BE DENIED.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 6, 2007**              /s/ Sandra M. Snyder
icido3                       UNITED STATES MAGISTRATE JUDGE