IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY KELLY, et al., ) | CIV- F-05-118 AWI DLB |
| ) | |
| Plaintiffs, ) | ORDER ON DEFENDANTS'S |
| ) | MOTION TO DISMISS AND |
| v. ) | VACATING HEARING DATE |
| ) | OF DECEMBER 10, 2007 |
| EVERETT R. ECHOLS, M.D., et al., ) | |
| ) | (Doc. No. 92) |
| Defendants. ) | |
| _____) | |

Defendants EZRX and the Hernandezes have filed Rule 12(b)(1), Rule 12(b)(6), and Rule 12(f) motions against Plaintiffs' Third Amended Complaint ("TAC"). Hearing on the motions is set for December 10, 2007, at 1:30 p.m. By this order, the Court will vacate the hearing and grant Defendants's motion to strike.

This case stems from the dual suicide of a mother (Leisa Kelly) and son (Ryan Kelly) after they obtained an anti-depressant, Elavil, from an on-line pharmacy. On June 18, 2007, EZRX filed an answer to the Second Amended Complaint ("SAC"), and on June 19, 2007, the Hernandezes filed an answer to the SAC. See Court's Docket Doc. Nos. 82, 83. On September 26, 2007, a scheduling order was issued. See id. at No. 89. Within the scheduling order is a section entitled, "Orders Re Amendment of Pleadings." Id. at p. 2. This section of the scheduling order reads, "Plaintiff shall move to join additional parties on or before November 1,

1  2007, and to amend the [sic] their complaint on or before November 30, 2007.  Defendants
2  Hernandez and EZRX shall move to join any additional parties via cross-complaint on or before
3  December 1, 2007, and shall move to amend the pleadings on or before December 21, 2007." Id.
4  at 2:24-3:3.

5      On October 17, 2007, Plaintiffs filed the TAC, but did so without first obtaining consent
6  of the Court or the Defendants.

7      On November 5, 2007, Defendants EZRX and the Hernandezes filed the above described
8  motions.  Among the various arguments made, Defendants argue that Plaintiffs failed to obtain
9  leave to amend from the Court and as a result, the entire TAC should be struck.  See id. at No. 92
10 at p.2; Doc. No. 93 at p.6.  In opposition, Plaintiffs argue that the necessity for amendment was
11 discussed at the scheduling conference, that the joint scheduling report did not have language
12 regarding moving to amend the complaint, that failing to move to amend was an oversight given
13 the language of the joint scheduling report, and that counsel would not have agreed to set limits
14 because Plaintiffs can move to amend the complaint at any time.[1]  See id. at No. 94 at pp. 4-5.

15     Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at
16 any time before a responsive pleading is served."  Fed. R. Civ. Pro. 15(a);[2] Crum v. Circus
17 Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000).  An answer is a responsive pleading.
18 See Fed. R. Civ. Pro. 7(a); Ward v. Follett Corp., 158 F.R.D. 645, 649 (N.D. Cal. 1994).
19 Further, the filing of a prior amendment may extinguish the right to amend as a matter of course.
20 See Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 203-04 (7th Cir. 1985); Wood v.

---

[1] Also, Plaintiffs may be arguing that because the phrase "to move" is not in front of the portion of the scheduling order requiring amendment by November 30, 2007, that no motion to amend needed to be filed.  See Court's Docket Doc. No. 94 at p.4.  To the extent this accurately describes Plaintiff's argument, the position is not persuasive.  "Move" is the verb of the entire sentence.  See id. at Doc. No. 89 at 2:25-26.  Thus, Plaintiff was required "to move to join" and "to move to amend."

[2] Federal Rule of Civil Procedure 15(a) in part provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may the party's pleading only by leave of court or by written consent of the adverse party.

Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1520 (9th Cir. 1983) ("If the May 4 motion had been Wood's first motion to amend his pleadings, and if the motion was made prior to a responsive pleading, then the motion to amend should have been granted "as a matter of course."); Glaros v. Perse, 628 F.2d 679, 686 (1st Cir. 1980); Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202, 475 F.Supp.2d 1092, 1098 & n.4 (D. Kan. 2007); In re Crazy Eddie Sec. Litig., 792 F.Supp. 197, 203-204 (E.D. N.Y. 1992). When a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. Pro. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, generally the amended pleading is a nullity and without legal effect. See United States ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir. 2003); Murray v. Archambo, 132 F.2d 609, 612 (10th Cir. 1998); Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988); Gengler v. United States, 463 F. Supp.2d 1085,1093 (E.D. Cal. 2006); Stetz v. Reeher Enters., 70 F.Supp.2d 126, 127 n.1 (N.D. N.Y. 1999).

Here, when Plaintiffs filed the TAC on October 17, 2007, the right to amend as a matter of course had been extinguished due to the filing of prior amended complaints and, as to EZRX and the Hernandezes, the filing of their respective answers in June 2007. Further, the scheduling order directed Plaintiffs to file a motion to amend. Plaintiffs were thus required to either obtain leave of court or permission from the Defendants before filing the TAC. Plaintiffs did neither. As a result, the TAC is a nullity and without legal effect and the Court will grant Defendants's Rule 12(f) motion to strike the TAC.[3] However, Plaintiffs may file a motion to amend the complaint with the Magistrate Court.[4]

---

[3] Since the Rule 12(b)(1) and Rule 12(b)(6) motions are aimed at the TAC, which is without legal effect, and the moving Defendants have already answered the SAC, it is unnecessary to address the 12(b)(1) and 12(b)(6) arguments at this time.

[4] The Court expresses no opinion whether a motion to amend should be granted or denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 12(f) motion to strike is GRANTED and the Third Amended Complaint is STRUCK;
2. Plaintiffs may file a motion to amend with the Magistrate Judge;
3. Defendants' Rule 12(b)(1) and Rule 12(b)(6) motions are DENIED as moot; and
4. The December 3, 2007, hearing is VACATED.

IT IS SO ORDERED.

**Dated:**   **December 5, 2007**          /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE