IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY KELLY, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>EVERETT R. ECHOLS, M.D., et al.,<br><br>        Defendants. | CIV- F-05-118 AWI DLB<br><br>**ORDER ON DEFENDANTS'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Doc. No. 101) |

Defendants EZRX and the Hernandezes have filed a Rule 12(c) motion for judgment on the pleadings as to portions of the Second Amended Complaint ("SAC"), specifically the prayer. For the reasons that follow, the motion will be treated as a motion to strike under Rule 12(f) and granted in part and denied in part.

**BACKGROUND & ARGUMENTS**

This is a wrongful death case that arises from the dual suicide of Leisa and Ryan Kelly ("Decedents"). Decedents obtained Elavil from an on-line pharmacy, Defendant EZRX, and later overdosed. EZRX is allegedly the alter ego of Defendants Frank and Amanda Hernandez. Leisa's mother and Ryan's grandmother, Plaintiff Candy Kelly, alleges wrongful death through negligence against EZRX and the Hernandezes. The operative complaint is the SAC. After

alleging negligence and alter ego, the Prayer of the SAC prays for:

> (A) General damages in a sum according to proof; (B) Sums incurred and to be incurred for services to medical providers and other professional services; (C) Funeral and burial expenses; (D) Loss of love, companionship, comfort, affection, society, solace and moral support; (E) Loss of income incurred and to be incurred according to proof; (F) For exemplary and punitive damages, as allowable by law; (G) For costs of suit and reasonable attorney's fees incurred; and (H) For such other and further relief as the Court deems just and proper.

Court's Docket Doc. No. 50.

Defendants filed a motion for partial judgment on certain parts of the Prayer. Defendants argued that punitive damages, attorney's fees, general damages, loss of income, and services for medical providers could not be recovered by Plaintiff.

In opposition, Plaintiff admits that punitive damages are not available,[1] attorney's fees are unavailable, and medical service fees are unavailable. Plaintiff contends that loss of income is synonymous with loss of financial support, which is recoverable as Defendants admit. With respect to general damages, Plaintiff admits that emotional distress damages are unavailable. However, damages such as the benefit of decedent's "personal service, advice, and training," are recoverable and should be read into the general damages claim.

In reply, Defendants state that Plaintiff makes a valid point regarding general damages. Defendants propose that the SAC's Prayer be amended to request: (A) direct pecuniary loss according to proof; (B) loss of services, advice, or training according to proof; (C) loss of love, companionship, comfort, affection, society or moral support according to proof; (D) funeral and burial expenses; (E) costs of suit allowed under law according to proof; and (F) for such other and further relief as the Court deems just and proper. Defendants state, however, that by proposing the amendment, they do not concede standing or liability.

*Discussion*

The pending motion was brought as a partial motion for judgment on the pleadings. Defendants argued that certain damages in the prayer are unavailable as a matter of law, and, in

---

[1] Plaintiff correctly points out that punitive damages are recoverable in a wrongful death case if the subject death resulted from a homicide for which the defendant has been convicted of a felony. Cal. Civ. Code § 3294(d). However, Plaintiff also admits that, while there are pending criminal charges against Defendants, none of those charges relate to the deaths of Leisa and Ryan Kelly. Thus, Civil Code § 3294(d) does not apply in this case.

reply, offer a stipulation for amendment to correct the prayer. A Rule 12(f) motion may be used to strike portions a prayer for relief where the damages sought are not recoverable as a matter of law. See Gay-Straight Alliance Network v. Visalia Unified School Dist., 262 F.Supp.2d 1088, 1110-11 (E.D. Cal. 2001); Bureerong v. Uvawas, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996). Given the arguments of the parties and the offer of a stipulation to amend, the Court believes that the pending motion should be treated as a motion to strike under Rule 12(f). Cf. New York v. SCA Serv., 754 F.Supp. 995, 1000 (S.D. N.Y 1991) (holding that Rule 12(f), and not Rule 12(c), was the proper device in which to remove redundant causes of action).

The damages recoverable on Plaintiff's wrongful death cause of action are reflected by Judicial Council of California (CACI) Civil Jury Instruction No. 3921. That instruction identifies the following damages as recoverable in a wrongful death suit: (1) the financial support that the decedent would have contributed during the earlier of the decedent's life expectancy or the plaintiff's life expectancy; (2) the loss of gifts or benefits that plaintiff would have received from decedents; (3) funeral and burial expenses; (4) reasonable value of household services that the decedent would have provided; (5) loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and (6) loss of the decedent's training and guidance.[2] See CACI § 3921; see also Quiroz v. Seventh Ave. Ctr., 140 Cal.App.4th 1256, 1264 & n.2 (2006).

The Court sees no real disagreement among the parties as to what damages are recoverable, and Plaintiff admits that items B, F, and part of G of the Prayer are not recoverable. There is concern that item A is too broad and that item E is inaccurate. The Court agrees that items A and E should have been worded better. However, this case has been pending since early 2005, and the Court is disinclined to have a separate document filed that merely alters the Prayer, especially since the parties appear to be in agreement as to what is actually recoverable. Given this agreement, the Court will read item A, which requests general damages, as being limited to the items identified in CACI § 3921 that are not expressly plead elsewhere in the prayer, and will

---

[2]Where appropriate, loss of enjoyment of sexual relations is also recoverable. See CACI § 3921.

strike items B, E, F, and the request for attorney's fees in item G.

    Since there is really no material dispute, the Court cannot help but to wonder why the parties could not have entered into a stipulation instead of filing this motion. The Court is making no findings of fault, but, in the future, the parties are encouraged to try to confer and stipulate over similar issues that may arise.

    Accordingly, IT IS HEREBY ORDERED that Defendants's Motion is GRANTED IN PART and DENIED IN PART as follows:

1. Item A of the Prayer is limited to damages for the plaintiff's loss of financial support from the decedents, the loss of gifts or benefits that plaintiff would have expected to receive from the decedents, the reasonable value of household services that Plaintiff would have received from decedents, and the loss of the decedents's training and guidance;
2. Item B of the Prayer is STRICKEN;
3. Item E of the Prayer is STRICKEN;
4. Item F of the Prayer is STRICKEN; and
5. Plaintiff's Prayer for Attorney's Fees in Item G of the Prayer is STRICKEN.

IT IS SO ORDERED.

**Dated:   March 3, 2008**　　　　　　　　　　　　/s/ Anthony W. Ishii
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE